UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE HUNTER #242663,

    Plaintiff,                                       Hon. Paul L. Maloney

v.                                                   Case No. 1:17-cv-109

CARMEN PALMER, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 111), and Plaintiff's Motion to Appoint a Video Forensic Expert (ECF No. 121). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's Motion be denied, Defendants' motion be granted, and this matter terminated.

## BACKGROUND

Plaintiff initiated this action against seven individuals, including Robert Bevington, Jimyll Jackson, and Carmen Palmer. In its April 6, 2017, screening opinion, the Court described in detail the allegations advanced in Plaintiff's complaint. (ECF No. 5). Most of Plaintiff's claims were dismissed on screening. (*Id.*). At this juncture, the only claims remaining in this matter are retaliation claims against Defendants Bevington, Jackson, and Palmer. With respect to these claims, Plaintiff alleges the following.

On June 3, 2015, Defendant Bevington instructed Plaintiff to submit to a routine pat-down search to be conducted by a Corrections Officer trainee, Zebediah DeMaeyer. During the course of this pat-down search, DeMaeyer "deliberately and intentionally cuff[ed] and caress[ed] Plaintiff's testicles." DeMaeyer then "cuff[ed] and caress[ed]" Plaintiff's buttocks "in a sexual manner." Plaintiff immediately objected to DeMaeyer's conduct, but Bevington responded by instructing DeMaeyer to "finish the search." When DeMaeyer resumed his search, however, he again "cuff[ed] and caress[ed]" Plaintiff's buttocks and testicles. Later than same day, Plaintiff filed a grievance against Bevington and DeMaeyer alleging that they subjected him to a "sexually abusive pat-down search." The official assigned to investigate the matter denied Plaintiff's grievance after reviewing video evidence of the encounter in question.

On July 2, 2015, Defendants Palmer and Jackson charged Plaintiff with Interference with the Administration of Rules. This misconduct charge was premised on the conclusion that Plaintiff's grievance charging Bevington and DeMaeyer with sexual misconduct was unfounded and intentionally false. Defendant Bevington subsequently found Plaintiff guilty of this charge. This determination, however, was subsequently reversed by another MDOC official. The actions by Palmer, Jackson, and Bevington were motivated by their desire to retaliate against Plaintiff for having filed a grievance against Bevington and DeMaeyer regarding the June 3, 2015, search. Defendants Palmer, Jackson, and Bevington now move for summary judgment. Plaintiff has responded to Defendants' motion.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility

determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Thus, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

### I.  Plaintiff's Motion for Video Forensic Expert

As discussed in detail below, Defendants have supported their motion for summary judgment with a video recording of the June 3, 2015, pat-down search of Plaintiff conducted by Zebediah DeMaeyer.  (ECF No. 112, Exhibit 2).  In response to Defendants' motion, Plaintiff moves the Court to appoint a forensic expert "to help interpret the authenticity of the video and the contents of the video that are unclear." Because Plaintiff's motion was submitted simultaneously with his response to Defendants' motion and references such, the Court finds it appropriate to address Plaintiff's motion herein.

In support of his motion, Plaintiff relies on Federal Rule of Evidence 706, which governs the appointment of expert witnesses.  The decision to appoint an expert is within the Court's sound discretion and is informed by the observation that "such appointments are rare, and are reserved to only those instances where expert testimony is necessary to aid the court's fact-finding."  *Peterson v. Burris*, 2017 WL 8289655 at *2 (6th Cir., Dec. 8, 2017) (citations omitted).  Plaintiff advances two arguments in favor of the appointment of an expert, neither of which is persuasive.

First, Plaintiff argues that the video in question has been "altered, edited and/or doctored."  (ECF No. 121 at PageID.946).  Specifically, Plaintiff asserts that when he was permitted to view the video he observed "jumping and fuzziness and/or motion blur during. . .when the sexual assault occurred."  While the video may not be of the highest

-5-

quality, a review of such reveals that this argument has no merit. The events recorded by the video are easily discerned and there is no indication that the video has been altered, edited, or otherwise compromised. Defendants have submitted an affidavit from an MDOC employee, Dale Bonn, who reviewed the video and concluded that it has not been altered. (ECF No. 112 at PageID.852-54). Plaintiff could have explored this issue during discovery, but either chose not to do so or failed to uncover evidence in support of his position. Plaintiff's unfounded speculation is simply insufficient. Accordingly, this argument is rejected.

Next, Plaintiff argues that Defendants have failed to properly authenticate the video. Federal Rule of Evidence 901 addresses the proper authentication or identification of evidence. The Rule requires the proponent of an item of evidence to "produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed. R. Evid. 901(a). Evidence can be properly authenticated in a variety of ways, including testimony from a person with knowledge regarding the matter or evidence regarding the "appearance, contents, substance. . .or other distinctive characteristics of the item. . ." Fed. R. Evid. 901(b)(1), (4).

In support of the admissibility of the video in question, Bevington and DeMaeyer have both submitted affidavits. (ECF No. 112 at PageID.844-46, 848-50). Bevington and DeMaeyer both assert that they have first-hand knowledge of the location where the search in question occurred. Bevington and DeMaeyer both assert that they viewed the video and that it fairly and accurately depicts the June 3, 2015, pat-down search of

Plaintiff by DeMaeyer. Bevington and DeMaeyer both further assert that the prisoner depicted in the video is, in fact, Plaintiff. (*Id.*). Dale Bonn also asserted in his affidavit that video is routinely recorded of various locations throughout the facility, including the location where the search in question occurred. (ECF No. 112 at PageID.852-54). Bonn further asserted that the video in question was recorded pursuant to this routine practice and, moreover, that the video had not been altered. (*Id.*).

Plaintiff argues that this evidence is insufficient to authenticate the video because Defendants failed to present a Certificate of Authenticity from the "videographer" establishing that the "camera functioned properly." (ECF No. 120 at PageID.930). There is no evidence, however, that the video was recorded by a videographer. Instead, given Bonn's testimony, it appears that the video was recorded by a remotely controlled camera, which records video continuously. Likewise, there is no evidence that the camera which recorded the video was not functioning properly. In fact, a review of the video reveals that the camera was functioning properly. Plaintiff could have explored these, and any other authentication issues, during discovery, but either chose not to do so or failed to uncover evidence opposing authentication. Plaintiff's unfounded speculations are insufficient to overcome the evidence submitted by Defendants. Accordingly, the Court finds that the video in question has been properly authenticated and can be considered by the Court when resolving Defendants' motion for summary judgment.

## II. Defendants' Motion for Summary Judgment

As previously noted, the only claims remaining in this matter are Plaintiff's retaliation claims against Defendants Palmer, Bevington, and Jackson. To prevail on his retaliation claims, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) a defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct. *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010). Plaintiff's retaliation claims fail because he cannot demonstrate that he was engaged in protected conduct.

Plaintiff, like every inmate, possesses the First Amendment right to file prison grievances on his own behalf. *See Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018). This right, however, does not extend to the filing of "frivolous" grievances. Likewise, "[a]busive or manipulative use of a grievance system" does not constitute protected conduct. *Ibid.*

As noted above, on June 3, 2015, Plaintiff filed a grievance alleging that Defendant Bevington and Zebediah DeMaeyer sexually assaulted him.[1] MDOC policy clearly provides that if a prisoner "intentionally" files a grievance that is determined to be

---

[1] The parties do not appear to have submitted a copy of this grievance, thus the precise allegations Plaintiff advanced in this grievance are not clear. But, in both his verified complaint and his affidavit in opposition to the present motion, Plaintiff repeatedly describes the events of June 3, 2015, as constituting sexual assault. (ECF No. 1, 120). Plaintiff further asserts that, in his grievance regarding this incident, he alleged that Bevington and DeMaeyer both subjected him to sexual assault. (*Id.*).

"unfounded" and which, if proven true, may have subjected another person to discipline or corrective action, the prisoner may be charged with Interference with Administration of Rules. Mich. Dep't of Corr., Policy Directive 03.02.130 ¶ L (July 9, 2007).

Plaintiff was charged with Interference with Administration of Rules based on a determination that Plaintiff's grievance was unfounded and intentionally false. Defendants have submitted a copy of the video recording of the search giving rise to Plaintiff's grievance. A review of this evidence reveals that Plaintiff's grievance charging Bevington and DeMaeyer with sexual assault was frivolous. Specifically, the video reveals the following.

Plaintiff approached Bevington and DeMaeyer. After removing various items from his pockets and displaying them for the officers, DeMaeyer then initiates his pat-down search of Plaintiff. DeMaeyer begins by examining Plaintiff's neck and collar area before quickly conducting a pat-down of Plaintiff's arms and chest area. Plaintiff then appears to return several items to his jacket pockets. DeMaeyer then initiates a pat-down search of Plaintiff's legs.

DeMaeyer searched each of Plaintiff's legs separately. Specifically, DeMaeyer approached Plaintiff from the rear and placed one hand on the inside of Plaintiff's left leg at the top of Plaintiff's inseam while placing his other hand on the outside of Plaintiff's left leg. DeMaeyer then quickly moved his hands down Plaintiff's left leg. DeMaeyer then utilized the same procedure to search Plaintiff's right leg. The search of each of Plaintiff's legs lasted less than two seconds each. This search was conducted

over Plaintiff's pants and at no time did DeMaeyer hesitate or linger at the top of Plaintiff's inseam or move his hands in any way that any reasonable person could deem inappropriate or sexually suggestive.

Simply put, the allegations in Plaintiff's grievance that DeMaeyer and Bevington sexually assaulted him during the course of this search is completely and utterly belied by the video evidence. No reasonable person could find otherwise. Because Plaintiff's grievance was frivolous and/or an attempt to abuse or manipulate the grievance process, it does not constitute conduct protected by the First Amendment. *See, e.g., Ziegler v. State of Michigan*, 90 Fed. Appx. 808, 810 (6th Cir., Jan. 23, 2004) (grievance which challenged a "non-invasive pat-down search" of a prisoner was frivolous).[2]

Because the grievance in question – the response to which forms the basis for Plaintiff's retaliation claims – does not constitute protected conduct, the undersigned recommends that Defendant Palmer, Bevington, and Jackson are all entitled to summary judgment as to Plaintiff's retaliation claims.

---

[2] The fact that Plaintiff was found not guilty of Interference with Administration of Rules does not alter the Court's conclusion. Whether Plaintiff's grievance was frivolous is a separate question from whether Plaintiff's submission of such constituted a violation of MDOC rules. While these two concepts are not unrelated, there exists at least one significant distinction, namely that Interference with Administration of Rules contains a specific intent requirement that an assessment of frivolousness does not. Stated differently, a violation of Interference with Administration of Rules turns on the prisoner's subjective intent whereas frivolousness of a grievance is concerned merely with the contents thereof. Moreover, Plaintiff has presented neither evidence nor authority that any findings and/or conclusions made with respect to the Interference with Administration of Rules charge precludes a finding by this Court that the grievance in question is frivolous.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion to Appoint a Video Forensic Expert, (ECF No. 121), be **DENIED**; Defendants' Motion for Summary Judgment, (ECF No. 111), be **GRANTED**; and this matter terminated.

Date: November 22, 2019          /s/ Phillip J. Green
                                 PHILLIP J. GREEN
                                 United States Magistrate Judge

## NOTICE TO PARITES

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).