UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE HUNTER #242663,

    Plaintiff,                                        Hon. Paul L. Maloney

v.                                                                   Case No. 1:17-CV-109

CARMEN PALMER, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's Motion for a Preliminary Injunction and Restraining Order. (ECF No. 128). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's motion be denied.

**ANALYSIS**

Injunctive relief is "an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). To obtain injunctive relief, Plaintiff must first show that he "is being threatened by some injury for which he has no adequate legal remedy." *Dana Corp. v. Celotex Asbestos Settlement Trust*, 251 F.3d 1107, 1118 (6th Cir. 2001). If such is the case, the court must then examine several factors: (1) whether the movant is likely to prevail on the merits, (2) whether the movant would suffer irreparable injury if the court does not grant the injunction, (3) whether a preliminary injunction would cause substantial harm to others, and (4) whether a

preliminary injunction would be in the public interest. *See Samuel v. Herrick Memorial Hospital*, 201 F.3d 830, 833 (6th Cir. 2000). These factors are not prerequisites, but rather, competing considerations to be weighed and balanced, none of which are dispositive. *See Six Clinics Holding Corp., II v. Cafcomp Systems, Inc.*, 119 F.3d 393, 400 (6th Cir. 1997). Ultimately, the decision whether to grant injunctive relief lies within the court's discretion. *See Dana Corp.*, 251 F.3d at 1118.

In support of his request for injunctive relief, Plaintiff argues that he has been subjected to various acts of retaliation after obtaining certain relief in a separate case. Specifically, Plaintiff alleges that prison officials have interfered with his legal mail and transferred him to undesirable correctional facilities. Putting aside that Plaintiff has presented no evidence to support his allegations, these are alleged injuries for which there exist adequate legal remedies. Thus, Plaintiff has failed to establish that he is likely to prevail on any claim referenced in his motion or that he will suffer irreparable injury in the absence of injunctive relief. Finally, the public interest is not served by interfering in the day-to-day operations of the Michigan Department of Corrections in the absence of evidence warranting such. In sum, consideration of the relevant factors weighs against Plaintiff's motion.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Plaintiff's Motion for a Preliminary Injunction and Restraining Order, (ECF No. 128), be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: December 17, 2019

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge