UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JERMAINE HUNTER, #242663, ) | |
| Plaintiff, ) | |
| ) | No. 1:17-cv-109 |
| -v- ) | |
| ) | Honorable Paul L. Maloney |
| CARMEN PALMER, *et al.*, ) | |
| Defendants. ) | |
| ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION

Plaintiff Jermaine Hunter, a prisoner under the control of the Michigan Department of Corrections (MDOC), asserts that several corrections officers retaliated against him in violation of his constitutional rights. The remaining defendants filed a motion for summary judgment. (ECF No. 111.) Plaintiff filed a motion for appointment of a video forensic expert. (ECF No. 121.) The magistrate judge issued a report recommending the Court deny Plaintiff's motion and grant Defendants' motion. (ECF No. 125.) Plaintiff filed objections. (ECF No. 131.)

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). A district court judge reviews de novo the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

Motion for Video Forensic Expert

The magistrate judge concludes appointment of an expert is not warranted because there is no indication that the video was altered or edited. And, Plaintiff either did not explore the matter during discovery or failed to uncover evidence to support his assertion that the video was altered or edited. The magistrate also concludes Defendants provided a sufficient basis for authentication of the video.

A. Objection 1 - Original Video

Plaintiff argues the magistrate judge should have required the original video under Rule 1002. The objection is overruled. Most of this objection does not address findings of fact or conclusions of law contained in this R&R. Plaintiff acknowledges the original is not available. Rule 1003 permits duplicates.

B. Objections 2, 3 and 4 - Genuine Dispute of Material Fact

Plaintiff contends the magistrate judge ignored his affidavit and adopted the statements in the affidavits of defendants. Plaintiff argues the magistrate judge improperly resolved disputes of fact in Defendants' favor. Plaintiff's objection is overruled. Plaintiff confuses the standards for resolving a motion for summary judgment with the standard for resolving a motion for appointment of an expert. The magistrate judge applied the correct standard for resolving a request for appointment of an expert (abuse of discretion). The magistrate judge explained why he recommends denying the motion for appointment of an expert. The magistrate judge viewed the video and concluded it did not appear altered. Defendants submitted two affidavits from individuals who attest the video appears to depict what occurred during the June 3, 2015 pat-down search. The magistrate judge explained

why the duplicate video could be considered for the motion for summary judgment. While Plaintiff might disagree with the outcome, his objection rests on an incorrect understanding of the legal standard for denying the motion.

## Motion for Summary Judgment

The magistrate judge concludes Plaintiff was not engaged in protected conduct because his grievance was frivolous. Specifically, there is no evidence to suggest the pat-down search was a sexual assault.

Plaintiff objects. Plaintiff argues the MDOC hearing officer concluded that he was not guilty of filing a false grievance. Plaintiff's objection is overruled. The Sixth Circuit has held that a hearing officer's factual determinations during a minor misconduct hearing do not have a preclusive effect in a subsequent § 1983 lawsuit. *Maben v. Thelen*, 887 F.3d 252, 259 (6th Cir. 2018). Plaintiff was charged with a Class II misconduct, which is considered a minor misconduct. MDOC Policy Directive 03.03.105 ¶ B (PageID.865.)

For these reasons, the Report and Recommendation (ECF No. 125) is **ADOPTED** as the Opinion of this Court. Defendants' motion for summary judgment (ECF No. 111) is **GRANTED**. Plaintiff's motion for appointment of an expert (ECF No. 121) is **DENIED**.

**IT IS SO ORDERED.**

Date: March 2, 2020                               /s/ Paul L. Maloney
                                                  Paul L. Maloney
                                                  United States District Judge