UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERMAINE HUNTER, #242663,                    )
                           Plaintiff,    )
                                         )    No. 1:17-cv-109
-v-                                          )
                                       )    Honorable Paul L. Maloney
CARMEN PALMER, *et al.*,                     )
                      Defendants.    )
_____)

## ORDER RESOLVING REMAINING MOTIONS

Concurrent with this Order, the Court adopts a report and recommendation and grants Defendants' motion for summary judgment. In this Order, the Court addresses and resolves the other remaining issues.

1. ECF No. 62 - Defendants' Objection

Plaintiff filed an application for entry of default against Palmer, Jackson and Bevington. (ECF No. 55.) Defendants' objected, noting that they were not yet required to file an answer and could not be defaulted. The Court agrees. (ECF No. 11 PageID.90.) The objection (ECF No. 62) is **AFFIRMED**. Plaintiff's application for entry of default (ECF No. 55) is denied without prejudice.

2. ECF No. 129 - Report and Recommendation

Plaintiff filed a motion for a preliminary injunction. (ECF No. 128.) Plaintiff asserts he has been transferred to a different facility as retaliation and for the purpose of interfering with his access to the courts. He requests the Court order MDOC to transfer him to one of

two different facilities.  The magistrate judge issued a report and recommending the motion be denied.  (ECF No. 129.)  Plaintiff filed objections.  (ECF No. 133.)

After being served with a report and recommendation (**R&R**) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  A district court judge reviews de novo the portions of the R&R to which objections have been filed.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  Only those objections that are specific are entitled to a de novo review under the statute.  *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam).

The Court has reviewed Plaintiff's objections de novo.  The Court concludes that resolving the objections in Plaintiff's favor would not alter the recommended outcome.  Accordingly, the objections are overruled.  Plaintiff asserts the magistrate judge mischaracterizes the facts.  Correcting the alleged mischaracterizations would not alter the outcome.  As noted by the magistrate judge, Plaintiff has not established a likelihood of success on the merits.  To the extent that the transfer has reduced Plaintiff's access to legal materials, the Court has allowed Plaintiff additional time to file his materials.  For the other concerns raised in the motion, Plaintiff has legal remedies that do not require an injunction issue in this lawsuit.  The balance of the relevant factors does not weigh in favor of a preliminary injunction.  Accordingly, the Report and Recommendation (ECF No. 129) is **ADOPTED** as the Opinion of this Court.  Plaintiff's motion for a preliminary injunction (ECF No. 128) is **DENIED.**

3.  ECF No. 134 - Motion for the Court to Take Judicial Notice of Critical Facts

Plaintiff requests the Court take judicial notice of certain facts.  (ECF No. 134.)  In the fifteen numbered paragraphs in this document, Plaintiff identifies alleged errors made by the magistrate judge.  Plaintiff's motion for judicial notice (ECF No. 134) is **DENIED.**  Rule 201 of the Federal Rules of Evidence addresses judicial notice.  To take judicial notice of an adjudicative fact, the fact must be "generally known within the trial court's territorial jurisdiction" and the fact must be "accurately and readily determined from sources whose accuracy cannot be reasonably questioned."  Fed. R. Evid. 201(b)(1) and (2).  None of the "facts" Plaintiff lists in his motion are the sort of facts that fall within the scope of the rule.  The facts are not generally known to anyone outside of this litigation.  And, many of the alleged facts identified in the motion are rulings or legal conclusions reached during the course of this lawsuit.

**IT IS SO ORDERED.**

Date:  March 2, 2020                                  /s/ Paul L. Maloney
                                                                    Paul L. Maloney
                                                                    United States District Judge